UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFFAN SIRAJ ZUHAYR EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00236-HEA |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On March 1, 2022, plaintiff was ordered to either file a motion for leave to proceed in forma pauperis or pay the entire filing fee. (Docket No. 2). He was also directed to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff was given thirty days in which to comply. He has not responded. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who filed a civil action against Marriot International, Inc. on February 8, 2022. (Docket No. 1). The complaint contained allegations that plaintiff suffered property damage to his vehicle, which was parked in a "secured[,] enclosed [and] gated parking lot" at the Residence Inn Marriott in St. Louis, Missouri. (Docket No. 1 at 4; Docket No. 1-2 at 3). With regard to jurisdiction, he specifically asserted that this Court had federal question jurisdiction for the following reasons, presented in their entirety:

> The Supreme Law of this land being the United States Republic Constitution 1791/1836 (6th Amendment), the Treaty of Peace and Friendship of 1786/1836, The Zodiac Constitution ©AA222141/ Library of Congress, Washington, District of Columbia, the

>Commerce Clause of the Constitution (art. I, § 8) Cl.3), the Treaty Clause (art. II, §2, cl.2).

(Docket No. 1 at 3). Based on the damage to his vehicle, plaintiff sought total damages in the amount of $45,000. (Docket No. 1 at 5; Docket No. 1-2 at 4).

At the time he filed his complaint, plaintiff did not pay the filing fee. He also failed to file a motion for leave to proceed in forma pauperis.

On March 1, 2022, the Court directed plaintiff to either file a motion for leave to proceed in forma pauperis or pay the entire filing fee. (Docket No. 2). He was given thirty days to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. The deadline for plaintiff to comply was March 31, 2022.

In that same order, the Court directed plaintiff to show cause as to why his complaint should not be dismissed for lack of subject matter jurisdiction. Specifically, the Court noted that despite plaintiff's allegations, no federal question appeared on the face of his complaint. The Court ordered plaintiff to show cause within thirty days as to why his complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response was due on or before March 31, 2022.

## Discussion

On March 1, 2022, plaintiff was directed to either file a motion for leave to proceed in forma pauperis or to pay the filing fee. He was also ordered to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff has failed to comply. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Motion for Leave to Proceed in Forma Pauperis

Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis in this case. The Court gave him thirty days in which to cure this deficiency, and advised him that the failure to comply would result in the dismissal of this case without prejudice and

without further notice. Plaintiff's response was due on or before March 31, 2022. Despite being given substantially more than thirty days, he has failed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Plaintiff has also not sought an extension of time in which to comply.

Despite plaintiff's status as a self-represented litigant, he is not excused "from complying with a court's orders and with the Federal Rules of Civil Procedure." *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Because plaintiff has not complied with the Court's order of March 1, 2022 to either file a motion for leave to proceed in forma pauperis or pay the filing fee, and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

**B. Subject Matter Jurisdiction**

Plaintiff was also ordered to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). To that end, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). If at any time the Court determines that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

i. **Federal Question Jurisdiction**

In this case, plaintiff explicitly asserted that the Court had federal question jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa*

4

*City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

To support the proposition that the Court had federal question jurisdiction, plaintiff referenced various treaties and the alleged violation of his constitutional rights. The Court notes that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). However, as the Court explained in its March 1, 2022 order,

5

plaintiff had presented no factual allegations demonstrating how his constitutional rights were implicated in this case.

In particular, the sole defendant in this case is Marriott International, Inc., which is a private corporation. The allegations appear to suggest that Marriott did not properly secure its parking lot, leading to plaintiff's car being damaged. These facts do not demonstrate the violation of a constitutional right, the violation of a treaty, or show that Marriott is a state actor or acting under color of state law. Therefore, plaintiff has not adequately shown the existence of federal question jurisdiction.

### ii. Diversity Jurisdiction

Plaintiff does not assert the existence of diversity jurisdiction. Even if he had, the Court notes that such jurisdiction has not been demonstrated by the allegations in the complaint. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In this case, plaintiff and defendant are alleged to be citizens of different states. Nevertheless, plaintiff is seeking only $45,000 in damages, which is below the $75,000 threshold. As the amount in controversy fails to reach the jurisdictional requirement, plaintiff has not shown that the Court has diversity jurisdiction.

### iii.    Failure to Submit Show Cause Response

The Court gave plaintiff the opportunity to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. He was directed to submit a response within thirty days. Far more than thirty days have elapsed, and plaintiff has failed to file a show cause response, and has failed to seek an extension of time in which to comply. Therefore, for the reasons discussed above, plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

Dated this 11th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE